# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| SIPCO, LLC,<br><br>          Plaintiff,<br><br>v.<br><br>Telkonet, Inc.<br><br>          Defendant. | Case No.<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, SIPCO, LLC, by and through undersigned counsel, hereby brings suit against Telkonet, Inc. and allege as follows:

## NATURE OF THE ACTION

1.      This is a civil action for patent infringement of United States Patents Nos. 7,263,073 ('073 Patent), 7,103,511 ('511 Patent), 8,964,708 ('708 Patent), and 6,914,893 ('893 Patent)) under the patent laws of the United States, including 35 U.S.C. §§271 and 281-285.

2.      A copy of the '073 Patent is attached as Exhibit A; a copy of the '511 Patent is attached as Exhibit B; a copy of the '708 Patent is attached as Exhibit C; a copy of the '893 Patent is attached as Exhibit D.

## PARTIES

3.      Plaintiff SIPCO, LLC ("SIPCO") is a limited liability company organized and existing under the laws of the State of Georgia and maintains its principal place of business at 13921 Park Center Road, Herndon, Virginia, 20171.

4.      Defendant Telkonet, Inc. ("Telkonet"), is organized and existing under the laws of the State of Utah, with its principal place of business at 20800 Swenson Drive, Suite 175, Waukesha, WI, 53186.

## JURISDICTION AND VENUE

5.     Pursuant to 28 U.S.C. §§ 1331 and 1338(a), this Court has original jurisdiction over the subject matter of this action because this is an action arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et. seq.*

6.     This court has personal jurisdiction over Defendant because infringing activity alleged herein took place in the State of Wisconsin.  Further, the exercise of personal jurisdiction comports with Due Process under the United States Constitution.

7.     Pursuant to 28 U.S.C. §§ 1391 and 1400(b), venue is proper in this district.

## GENERAL ALLEGATIONS

### SIPCO

8.     SIPCO is a small research, development and technology company based in Atlanta, Georgia.  T. David Petite was its founding member.

9.     In the 1990s, through his own individual research and development efforts, Mr. Petite invented a large number of wireless control and distribution technology applications.  The inventions resulting from Mr. Petite's efforts include, but are not limited to, various ways of moving data as economically and seamlessly as possible over both wired and wireless networks.

10.     Through the 1990s and early 2000s investors contributed tens of millions of dollars for technology development and implementation of networks.  Clients included Georgia Power, Alabama Power, Newnan Utilities GA, Johnson Controls, Synovus Bank, and Grand Court Lifestyles residential living facilities.

11.     After proving that the technology worked in the field, several companies competed to purchase an exclusive license to Mr. Petite's technology for the market known as "smart grid." Landis+Gyr (http://www.landisgyr.com/) (previously Siemens Metering) took an exclusive license

to the smart grid technology in 2002 and in 2005 purchased rights to the technology for utility applications for $30,000,000. Mr. Petite's technology has been deployed in millions of meters deployed across North America and throughout the world.

12.  SIPCO retained the rights to the mesh network patents, and for use of the technology outside of the utility space. It still maintains ownership of the software, firmware, hardware and patent portfolio that resulted from Mr. Petite's research and development efforts.

13.  SIPCO's patent portfolios (of which the patents in suit are a part) include inventions that are widely recognized as pioneering in various fields of use. As a result, more than 100 corporations have taken licenses to them. Licensees include companies operating in the vertical markets of Industrial Controls, Smart Grid, Building Automation, Network Backhaul, Home Appliance, Home Automation and Entertainment, Sensor Monitoring, and Internet Service Provisioning. Licensed products include products using standard wireless mesh protocols such as WirelessHART, ZigBee, IEEE 802.15.4, Thread, 6LoWPAN, and Z-Wave, as well as proprietary wireless protocols such as that marketed by Enocean.

14.  SIPCO is the exclusive owner of all rights, title, and interest in the '708 Patent, '588 Patent, '737 Patent, '511 Patent, and '357 Patent, including the right to exclude others and to enforce, sue and recover damages for past and future infringement thereof.

**DEFENDANT'S PRODUCTS**

15.  Defendant was incorporated in 1999. It is a privately held company. Upon information and belief, Telkonet's revenue is approximately $10 million to $20 million per year.

16.  The company offers and has sold and continues to sell various automated networked devices and products for home, office, multi-unit housing, military, and hospitality

spaces to manage energy, lighting, space, temperature and other controls and functions across the United States and internationally.

17.    Defendant's products include networked panels, sensors, motion-detectors, meters, and other networked products.

18.    Defendant advertises that many of its products employ wireless mesh network communication and that its alarm systems employ ZigBee enabled technology.

## DEFENDANT'S KNOWLEDGE OF PLAINTIFF'S PATENTS

19.    Defendant has been aware the patents in suit since at least November 2019, when a SIPCO's (and its related company IP Co., LLC "IPCO") chief licensing officer contacted Telkonet's CEO by letter sent by Federal Express, which has been documented as received. The letter identified SIPCO and IPCO's portfolio of essential wireless mesh patents and listed multiple patents believed to be infringed by Telkonet, including several of the patents in suit.

20.    Telkonet did not respond to the letter.

## REVIEW PROCEEDINGS

21.    Plaintiff states that the following Petitions for Inter Partes Review have been filed with the United States Patent and Trademark Office, with the following status:

   a.    Case IPR2019-00545 relating to Patent 8,964,708; a Petition was filed on January 18, 2019. Inter Partes Review was instituted by order dated August 30, 2019.

   b.    Case IPR2019-00547 relating to Patent 8,964,708; a Petition was filed on January 22, 2019. Inter Partes Review was instituted by order dated August 30, 2019.

   c.    Case IPR2015-00663 relating to Patent 7,103,511; a Petition was filed on February 2, 2015. On June 23, 2015, the Patent Trial and Appeal Board ruled that "Petitioner does *not* demonstrate a reasonable likelihood of prevailing on its challenge to the

patentability of claims 1–4, 6–11, 27–47, and 51–64 of the '511 patent as unpatentable under 35 U.S.C. § 103." (emphasis in original). On August 29, 2015, the Patent Trial and Appeal Board denied the Petitioner's motion for reconsideration of the Board's finding that the claims were patentable.

d.  Case IPR2015-01579 relating to Patent 6,914,893; a Petition was filed on July 13, 2015.  An order denying institution of Inter Partes Review was issued January 14, 2016.  Petitioner's request for rehearing was denied.  The proceeding has been terminated.

e.  Case IPR2017-00260 relating to Patent 6,914,893; a Petition was filed on November 14, 2016.  An order denying institution of Inter Partes Review was issued May 26, 2017.

## COUNT I: DIRECT AND INDIRECT INFRINGEMENT OF THE '073 PATENT

22.     Plaintiff hereby restates the allegations contained in the preceding paragraphs above as if fully set forth herein.

23.     Plaintiff hereby restates the allegations contained in the preceding paragraphs above as if fully set forth herein.

24.     Plaintiff SIPCO is the owner by assignment of the '073 Patent, "Systems And Methods For Enabling A Mobile User To Notify An Automated Monitoring System Of An Emergency Situation."  The '073 Patent was duly and legally issued on August 28, 2007.

25.     Independent Claim 1 of the '073 Patent states:

A mobile communication device for use with an automated monitoring system for monitoring and controlling a plurality of remote devices, the automated monitoring system comprising a site controller in communication with the plurality of transceivers defining a wireless communication network and in communication with a host computer via a wide area network, the mobile communication device comprising:

memory comprising a unique identifier associated with the mobile communication device;

logic responsive to a transmit command to retrieve the unique identifier from memory and generates a transmit message using a predefined communication protocol being implemented by the wireless communication network, the transmit message comprising the unique identifier such that the transmit message may be received by the site controller via the wireless communication network and such that the site controller may identify the mobile communication device and notify the host computer of the transmit message;

a wireless transmitter to communicate over the wireless communication network and to provide the transmit message to the wireless communication network;

wherein the predefined communication protocol comprises a data packet comprising: a receiver address identifying the receiver of the data packet; a sender address identifying the sender of the data packet; and a command indicator specifying a predefined command code;

and the data packet further comprising a data payload, a checksum field for performing a redundancy check, a packet length indicator which indicates a total number of bytes in the current packet; a total packet indicator which indicates the total number of packets in the current message; and a current packet indicator which identifies the current packet; and a message number identifying the current message.

*See* Exhibit A, Col. 13, lines 5 - 43.

26. Defendant has directly infringed at least Claim 1 of the '073 Patent by making, having had made, using, offering for sale, and selling networked wireless products that operate pursuant to the Zigbee standard wireless mesh protocol.

27. A claim chart attached as Exhibit E explains how Defendant has directly infringed Claim 1 of the '073 Patent.

28. Defendant has infringed as a contributory infringer under 35 U.S.C. § 271 at least Claim 1 of the '073 Patent by making, having had made, using, offering for sale, and selling networked wireless products that operate pursuant to the Zigbee standard wireless mesh protocol, wherein products that operate pursuant to the Zigbee standard wireless mesh protocol are a component of a patented system, constituting a material part of the invention, knowing the same

to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

29.     Defendant's acts of infringement have caused damage to Plaintiff SIPCO.  Plaintiff SIPCO is entitled to recover from Defendant the damages sustained by SIPCO as a result of Defendant's wrongful acts.

## COUNT II: DIRECT AND INDIRECT INFRINGEMENT OF THE '511 PATENT

30.      Plaintiff hereby restates the allegations contained in the preceding paragraphs above as if fully set forth herein.

31.     Plaintiff SIPCO is the owner by assignment of the '511 Patent, "Wireless Communication Networks For Providing Remote Monitoring Of Devices."  The '511 Patent was duly and legally issued on Sept. 5, 2006.

32.     Independent Claim 1 of the '511 Patent states:

A wireless communication network adapted for use in an automated monitoring system for monitoring and controlling a plurality of remote devices via a host computer connected to a wide area network, the wireless communication network comprising:

a plurality of wireless transceivers having unique identifiers, each of the plurality of wireless transceivers configured to receive a sensor data signal from one of the plurality of remote devices and transmit an original data message using a predefined wireless communication protocol, the original data message comprising the corresponding unique identifier and sensor data signal, and further configured to receive the original data message transmitted by one of the other wireless transceivers and transmit a repeated data message using the predefined communication protocol, the repeated data message including the sensor data signal and the corresponding unique identifier; and

a site controller in communication with at least one of the plurality of wireless transceivers, the site controller configured to receive the original data messages and the repeated data messages, identify the remote device associated with the corresponding sensor data signal, and provide information related to the sensor data signal to the wide area network for delivery to the host computer.

*See* Exhibit B, Col. 23, lines 21 - 46.

33. Defendant has been and now is directly infringing at least Claim 1 of the '511 Patent by making, having had made, using, offering for sale, and selling networked wireless products that operate pursuant to the Zigbee standard wireless mesh protocol.

34. A claim chart attached as Exhibit F explains how Defendant has directly infringed, and is infringing, Claim 1 of the '511 Patent.

35. Defendant has been and now is indirectly infringing as a contributory infringer under 35 U.S.C. § 271 at least Claim 1 of the '511 Patent by making, having had made, using, offering for sale, and selling networked wireless products that operate pursuant to the Zigbee standard wireless mesh protocol, wherein products that operate pursuant to the Zigbee standard wireless mesh protocol are a component of a patented system, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

36. Defendant's acts of infringement have caused and continue to cause damage to Plaintiff SIPCO. Plaintiff SIPCO is entitled to recover from Defendant the damages sustained by Plaintiff SIPCO as a result of Defendant's wrongful acts.

## COUNT III: DIRECT AND INDIRECT INFRINGEMENT OF THE '708 PATENT

37. Plaintiff SIPCO is the owner by assignment of the '708 Patent, "Systems And Methods For Monitoring And Controlling Remote Devices." The '708 Patent was duly and legally issued on Feb. 24, 2015.

38. Independent Claim 1 of the '708 Patent states:

A wireless communication device for use in a wireless communication system configured to communicate command and sensed data within the wireless communication systems, the wireless communication device comprising:

a transceiver configured to send and receive wireless communications;

and a controller configured to communicate with at least one other remote wireless device via the transceiver with a preformatted message, the controller further configured to format a message comprising a receiver address comprising an address of at least one remote wireless device; a command indicator comprising a command code; a data value comprising a message, wherein the controller is configured to receive a preformatted message from another wireless communication device, and based on a command code provided in the preformatted message, implement a certain function corresponding to the command code.

*See* Exhibit C, Col. 14, lines 6 - 24.

39.     Defendant has been and now is directly infringing at least Claim 1 of the '708 Patent by making, having had made, using, offering for sale, and selling networked wireless products that operate pursuant to the Zigbee standard wireless mesh protocol.

40.     A claim chart attached as Exhibit G explains how Defendant has directly infringed, and is infringing, Claim 1 of the '708 Patent.

41.     Defendant has been and now is indirectly infringing as a contributory infringer under 35 U.S.C. § 271 at least Claim 1 of the '708 Patent by making, having had made, using, offering for sale, and selling networked wireless products that operate pursuant to the Zigbee standard wireless mesh protocol, wherein products that operate pursuant to the Zigbee standard wireless mesh protocol are a component of a patented system, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

42.     Defendant's acts of infringement have caused and continue to cause damage to Plaintiff SIPCO.  Plaintiff  SIPCO is entitled to recover from Defendant the damages sustained by Plaintiff SIPCO as a result of Defendant's wrongful acts.

## COUNT IV: DIRECT AND INDIRECT INFRINGEMENT OF THE '893 PATENT

43.     Plaintiff hereby restates the allegations contained in the preceding paragraphs above as if fully set forth herein.

44.     Plaintiff SIPCO is the owner by assignment of the '893 Patent, "System And Method For Monitoring And Controlling Remote Devices."  The '893 Patent was duly and legally issued on July 5, 2005.

45.     Independent Claim 1 of the '893 Patent states:

A system for communicating commands and sensed data between remote devices, the system comprising:

a plurality of transceivers, each transceiver being in communication with at least one other of the plurality of transceivers, wherein each transceiver has a unique address, wherein the unique address identifies an individual transceiver, wherein each transceiver is geographically remote from the other of the plurality of transceivers, wherein each transceiver communicates with each of the other transceivers via preformatted messages;

a controller, connected to one of the plurality of transceivers, the controller being in communications with each of the plurality of transceivers via a controller transceiver, the controller communicating via preformatted messages;

wherein the preformatted messages comprises at least one packet comprises:

a receiver address comprising a scalable address of the at least one of the intended receiving transceivers;

sender address comprising the unique address of the sending transceiver;

a command indicator comprising a command code;

at least one data value comprising a scalable message; and

an error detector comprising a redundancy check error detector; and

wherein the controller sends preformatted command messages via the controller transceiver; and the plurality of transceivers send preformatted response messages.

*See* Exhibit D, Col. 14, line 50 to Col. 15, line 12.

46.     Defendant has directly infringed at least Claim 1 of the '893 Patent by making, having had made, using, offering for sale, and selling networked wireless products that operate pursuant to the Zigbee standard wireless mesh protocol.

47.     A claim chart attached as Exhibit H explains how Defendant has directly infringed Claim 1 of the '893 Patent.

48.     Defendant has infringed as a contributory infringer under 35 U.S.C. § 271 at least Claim 1 of the '708 Patent by making, having had made, using, offering for sale, and selling networked wireless products that operate pursuant to the Zigbee standard wireless mesh protocol, wherein products that operate pursuant to the Zigbee standard wireless mesh protocol are a component of a patented system, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

49.     Defendant's acts of infringement have caused damage to Plaintiff SIPCO. Plaintiff SIPCO is entitled to recover from Defendant the damages sustained by SIPCO as a result of Defendant's wrongful acts.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests the Court:

A.     Enter a judgment in favor of Plaintiff that Defendant has directly and indirectly infringed Patents 7,263,073, 7,103,511, 8,964,708, and 6,914,893.

B.     Enter a judgment and order requiring Defendant to pay Plaintiff damages, costs, expenses, prejudgment and post-judgment interest, and post-judgment royalties for Defendant's infringement of Patents 7,263,073, 7,103,511, 8,964,708, and 6,914,893 to the extent available pursuant to 35 U.S.C. § 284;

C.      Enter a judgment and order holding that Defendant's infringement was willful, and award treble damages and attorney fees and expenses;

D.      Enter judgment that this is an exceptional case, and, thus, award attorney fees and expenses to Plaintiff; and

E.      Award such other and further relief as the Court deems just and proper.

## JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

Dated:  June 30, 2020

***Electronically signed by K. Scott Wagner/***
K. Scott Wagner, WI #1004668
**MALLERY & ZIMMERMAN S.C.**
731 North Jackson Street, Suite 900
Milwaukee, WI 53202
Telephone:  (414) 271-2424
Facsimile:  (414) 271-8678
swagner@mzmilw.com

Gregory J. Myers, MN #0287398
**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone:  (612) 339-6900
Facsimile:  (612) 339-0981
gjmyers@locklaw.com
sachen@locklaw.com

**ATTORNEYS FOR PLAINTIFF SIPCO, LLC**